UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY M. NICHOLS,<br><br>               Petitioner,<br><br>     v.<br><br>KEITH YORDY, Warden,<br><br>               Respondent. | Case No. 1:14-cv-00376-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Ray M. Nichols's Petition for Writ of Habeas Corpus.[1] (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the statute of limitations and that Petitioner's claims are procedurally defaulted. (Dkt. 9.) Petitioner has filed a response to the Motion, and Respondent has filed a Reply. (Dkt. 12, 13.) Petitioner has also filed a "Special Traverse," or a sur-reply. (Dkt. 14.) Despite the fact that Petitioner filed his Special

---

[1] In its Initial Review Order, the Court mistakenly referenced an "amended petition." (Dkt. 5 at 3.) This was a typographical error. No amended petition, or motion to amend, has been filed in this matter, and the Petition at Docket No. 1 is the only Petition at issue.

**MEMORANDUM DECISION AND ORDER - 1**

Traverse without obtaining leave of Court, the Court has considered it, along with all of Petitioner's briefs in this matter, in its review of the Petition.[2]

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 8.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case, with prejudice, as untimely.[3]

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on March 2, 2015 (Dkt. 10). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

In 1992, Petitioner was convicted by a jury in the Fourth Judicial District Court in Ada County, Idaho, of robbery and second-degree burglary. (State's Lodging A-1 at 44-45; B-3 at 1.) He was sentenced to life without parole on the robbery count and a concurrent term of 5 years on the second-degree burglary count. (State's Lodging A-1 at 50.) Petitioner filed a direct appeal, and the Idaho Court of Appeals affirmed. (State's Lodging B-3.) Petitioner did not file a petition for review with the Idaho Supreme Court,

---

[2]  Given that Petitioner is proceeding pro se, Respondent's Motion to Strike the Special Traverse will be denied.

[3]  The Court does not address Respondent's procedural default argument.

**MEMORANDUM DECISION AND ORDER - 2**

and the court of appeals issued its remittitur on November 4, 1993. (State's Lodging B-4.)

Almost 19 years later, on October 26, 2012, Petitioner filed a petition for postconviction relief in state court. (State's Lodging E-1 at 4-11.) The state district court dismissed the petition as untimely under Idaho Code § 19-4902, which provides that a postconviction petition must be filed within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." (*Id*. at 19-21, 54-55.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging F-5, F-8.) The remittitur was issued on July 31, 2014. (State's Lodging F-9.)

On December 31, 2012, while his postconviction proceeding was pending, Petitioner filed a motion to correct an illegal sentence pursuant to Idaho Criminal Rule 35. (State's Lodging C-1 at 5-12.) The state district court denied the motion, and the Idaho Court of Appeals affirmed. (*Id*. at 40-41; State's Lodging D-3.) Petitioner did not seek review in the Idaho Supreme Court, and the court of appeals issued the remittitur on January 22, 2014. (State's Lodging D-4.)

Petitioner filed the instant federal habeas corpus petition, at the earliest, on August 27, 2014.[4] (Dkt. 1 at 16.) The Petition asserts two claims: (1) that his fixed life sentence is illegal, and (2) that a jury, rather than a judge, should have determined his sentence.

---

[4] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner also includes various allegations of ineffective assistance of counsel, though these allegations appear to be offered as reasons why Petitioner's claims were not properly exhausted, rather than as independent constitutional claims.[5] (*Id.* at 13-15.)

## DISCUSSION

### 1.     Standard of Law Governing Summary Dismissal

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also deny a habeas petition on the merits even if it is otherwise procedurally barred. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

### 2.     Statute of Limitations Standard of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). For petitioners whose convictions became final after the date of AEDPA's enactment, the statute limitations period is triggered by one of four events:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[5]     Even if Petitioner's ineffective assistance allegations are treated as independent claims, the Court's statute of limitations analysis, as explained below, applies equally to those claims.

**MEMORANDUM DECISION AND ORDER - 4**

     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  the applicant was prevented from filing by such State action;

28 U.S.C. § 2244(d)(1).

  However, because Petitioner's conviction became final *before* AEDPA's enactment, Petitioner "had a one-year grace period in which to file [his] petition[]." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). That is, a federal habeas petition challenging Petitioner's conviction should have been filed on or before April 24, 1997. *Id*. at 1246. The instant petition was filed over seventeen years later.

  The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other

**MEMORANDUM DECISION AND ORDER - 5**

collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time *before* a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Further, any postconviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does not toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation

**MEMORANDUM DECISION AND ORDER - 6**

marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).[6]

### 3. Petitioner's Claims Are Untimely

Petitioner asserts that the statute of limitations for his claims began to run when the Idaho Supreme Court upheld the denial of his Rule 35 motion. Petitioner is mistaken. As noted above, any federal petition challenging Petitioner's conviction or sentence had to be filed by April 24, 1997. *See Patterson*, 251 F.3d at 1245. Further, because both Petitioner's Rule 35 motion and his state postconviction petition were filed long after the one-year statute of limitations had already expired, those proceedings do not qualify for statutory tolling. *See Nino*, 183 F.3d at 1006.

Finally, Petitioner has not established that he is entitled to equitable tolling that could justify his seventeen-year delay in filing his Petition. Because Petitioner did not file his Petition until August 27, 2014, and because he is not entitled to statutory or equitable tolling, the Petition is barred by the statute of limitations.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Strike Petitioner Special Traverse (Dkt. 15) is DENIED.

---

[6] The statute of limitations is also subject to an actual innocence exception, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), but Petitioner does not assert that he is factually innocent.

**MEMORANDUM DECISION AND ORDER - 7**

2. Respondent's Motion for Summary Dismissal (Dkt. 9) is GRANTED, and the Petition (Dkt. 1) is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **October 13, 2015**

_____
Honorable Ronald E. Bush
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**